**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

UNITED STATES OF AMERICA

v.  Criminal No. 4:03-cr-29WS-001164 HTW-LRA
 Civil Action No. 4:06cv61 HTW-LRA

ARNULFO HERNANDEZ CARDENAS

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion under Title 28 U.S.C. § 2255[1] to vacate his sentence. The defendant Arnulfo Hernandez Cardenas was convicted on one count of conspiring to possesses with intent to distribute five (5) kilograms or more of a mixture or substance containing cocaine hydrochloride in violation of Title 21 U.S.C. § 846.[2] According to the defendant's Presentence Report, a routine check of a commercial vehicles being conducted by the Mississippi Department of Transportation led to the search of the defendant's truck. After obtaining consent to

---

[1] Title 28 U.S.C. § 2255 provides in relevant part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] Title 21 U.S.C. § 846 provides that, "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

search the defendant's vehicle, law enforcement officers found 158.6 kilograms of a mixture or substance containing cocaine base, as confirmed by the Drug Enforcement Crime Laboratory. Ultimately, the defendant was found guilty of conspiring to possesses with intent to distribute cocaine, and this court sentenced him to serve 120 months in the custody of the United States Bureau of Prisons, with a five year term of supervised release. The defendant also was required to pay a $100 special assessment. The defendant's conviction and sentence were affirmed on appeal, and a writ of certiorari to the United States Supreme Court was denied. The only issue presented on appeal was whether the stop, search and eventual seizure of cocaine was constitutional under the Fourth Amendment to the United States Constitution, The United States Court of Appeals for the Fifth Circuit held that it was, and affirmed. Once certiorari was denied, the defendant sought habeas corpus relief before this court.

The only issue raised in the defendant's habeas corpus motion is his contention that he received ineffective assistance of counsel at trial. The defendant asserts that his counsel at trial, George T. Holmes, was ineffective because he was unprepared to handle the case. Specifically, the defendant claims that Holmes, (1), failed to argue that the government had not proved each element of the conspiracy beyond a reasonable doubt, (2), failed to investigate police reports and to challenge them, (3), failed to challenge an alleged *Giglio* violation, (4), failed to allege prosecutor misconduct, and (5), failed to challenge the imposition of supervised release. After reviewing the defendant's submissions, this court concludes that the relief requested by the defendant should be denied.

## **THE SCOPE OF § 2255 RELIEF**

In order for a federal prisoner to prevail on a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255, one of the following must be shown: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Relief requested under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a § 2255 collateral proceeding. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

The defendant's only assertion in support of his motion to vacate is that his trial counsel was ineffective. Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal; instead, these claims have been relegated to later petitions under Title 28 U.S.C. § 2255. *See United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979).

**THE STANDARD FOR ANALYSIS OF INEFFECTIVE ASSISTANCE CLAIMS**

The Sixth Amendment to the Constitution of the United States guarantees the right to effective assistance of counsel in criminal prosecutions.[3] In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under the *Strickland* standard, the defendant must prove (1), that counsel's performance fell below an objective standard of reasonableness and (2), that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. *Strickland*, 466 U.S. at 687. A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *Strickland*, 466 U.S. at 697; *Martin v. Cain*, 246 F.3d 471, 477 (5th Cir. 2001) (the court need not address *Strickland*'s performance prong because defendant could not show prejudice).

Under the performance prong of *Strickland*, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

---

[3]The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, *and to have the assistance of counsel for his defense* (emphasis added)."

Certainly, "the right to effective assistance of counsel ... may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Prejudice based on counsel's performance is not presumed. A defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The defendant must present evidence showing that the outcome of the proceeding would have been different but for counsel's errors. *Id.*, at 692; *see also Williams v. Taylor*, 529 U.S. 362, 391-93, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To prove prejudice, the defendant must establish a "reasonable probability" that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 692. The United States Supreme Court has rejected the proposition that the defendant must prove only that more likely than not the outcome would have been altered. *Id.*; *see also Woodford v. Viscotti*, 537 U.S. 19, 22-23, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002).

Finally, effective assistance of counsel is not equivalent to errorless counsel or counsel judged ineffective by hindsight; rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided. *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982).

## THE INEFFECTIVE ASSISTANCE CLAIMS

### A. Failure to Prove Each Crime Element

The defendant's first assertion is that trial counsel failed to raise an objection based on the government's failure to prove each element of the crime of conspiracy beyond a reasonable doubt. *Per force*, the defendant also contends that the government failed to prove beyond reasonable doubt that he conspired to distribute cocaine.

The trial transcript reveals that counsel for the defendant moved under Rule 29[4] of the Federal Rules of Criminal Procedure for a judgment of acquittal at the end of the government's case. The basis of this motion was two-fold, insufficient evidence to support a conviction, and failure to show jurisdiction. This court overruled the motion, and the United States Court of Appeals ultimately affirmed the defendant's conviction. The defendant did not challenge the sufficiency of the government's evidence on direct appeal, and he makes no claim in the instant proceeding against appellate counsel regarding this issue.

On matters involving the sufficiency of the evidence at the trial level, this court determines whether, viewing the evidence and the inferences that could be drawn

---

[4]Rule 29(a) of the Federal Rules of Criminal Procedure provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so."

therefrom, a rational jury could find the essential elements of the offense beyond a reasonable doubt. *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir.), *cert. denied*, 504 U.S. 978, 112 S.Ct. 2952, 119 L.Ed.2d 575 (1992). Ultimately, all the evidence presented, whether direct or circumstantial, and all reasonable inferences drawn therefrom are viewed in a light most favorable to the jury's verdict. *United States v. Salazar*, 958 F.2d 1285, 1290-91 (5th Cir.), *cert. denied*, 506 U.S. 863, 113 S.Ct. 185, 121 L.Ed.2d 129 (1992). "[I]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Stephens*, 964 F.2d 424, 427 (5th Cir.1992). Upon assessing the defendant's motion for judgment of acquittal and applying these principles, this court overruled the defendant's motion. The matter of whether the evidence established the government's case was for the jury to determine.

In the instant case, the defendant testified that he was lured in a fraudulent manner to participate in the crime by one Luis Rene Bustamante-Mares, a key government witness. The defendant stated in his testimony to the jury that he only agreed to be a co-driver for a shipment of broom and mops, and that he did not agree to transport cocaine. The defendant also argues that the government's case failed because, in the defendant's estimation, the government did not prove there was an agreement between himself and Bustamante-Mares to transport and deliver cocaine, or that the defendant had any knowledge of the presence of cocaine, or that the defendant committed any overt act in furtherance of the conspiracy.

The United States responds that the defendant has himself offered nothing to support his motion to vacate and that his allegations are merely conclusory. Moreover, most of the points which the defendant says are missing could be inferred by the jury from the testimony of Bustamante-Mares.[5] The government notes the defendant's affidavits submitted by his attorney and the defendant's own testimony. Specifically, the government notes, the defendant testified in his own defense at trial, responding to the testimony of Bustamante-Mares and other evidence put on by the United States. The jury chose not to believe the defendant's account of the facts. On appeal, the only issue submitted by the defendant was the legality of the routine search of commercial vehicles conducted by the Mississippi Department of Transportation.

The defendant appears to suggest that the jury should have believed him, not Bustamante-Mares or any of the government's evidence, and that his counsel should have objected when the jury failed to adopt the defendant's account of events. The credibility to be given to a witness' testimony and factual evidence is a matter reserved to the jury. *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000), holding that the jury, with the ability to listen to live testimony, was in a better position to judge the credibility of the witnesses and the accounts of the events; absent a lack of support in the record, we will not second guess their determination."); *United States v. Haese*,

---

[5]For instance, Bustamante-Mares testified that he and the defendant, based on a contact with the same individual in Mexico, traveled together from Mexico to San Antonio, Texas, to pick up luggage containing cocaine. This testimony asserts that the defendant agreed to go with Bustamante-Mares to retrieve luggage containing cocaine, that the defendant knew about the cocaine, and that the defendant committed an act in furtherance of the scheme.

162 F.3d 359, 365 (5th Cir.1998) (2255 mot.) ( "the credibility of witnesses and weight to be given to their testimony are generally questions within the province of the jury" ).

In the instant case, the defendant submits nothing to substantiate his assertion that his trial counsel should have objected on the ground that the government failed to prove its case. The record shows that his counsel accomplished the same purpose when he moved for an acquittal under Rule 29.

The defendant's motion for habeas corpus relief now attempts to wrap a non-constitutional assertion (sufficiency of the evidence to support conviction and sentence) inside a constitutional assertion (ineffective assistance of counsel). Non-constitutional challenges to a conviction, such as sufficiency of the evidence, which are not raised on direct appeal, will only be heard in a § 2255 motion if they (1) could not have been raised on direct appeal and (2) are errors of a nature that "would, if condoned, result in a serious miscarriage of justice." *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992); *United States v. Shaid*, 937 F .2d 228, 231-32 (5th Cir. 1991). Otherwise, they are barred. *Id*.

When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998). "As a result, review of convictions under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id*.; *see also United States v. Williamson*,

9

183 F.3d 458, 462 (5th Cir. 1999).  This court finds no question of constitutional magnitude in this instance.  Counsel challenged the sufficiency of the evidence when he moved for acquittal at the end of the government's case.  This court concludes that the defendant's conviction and sentence should not be vacated simply because the defendant believes the challenge to the sufficiency of the evidence should have been made in some other manner.

### B.  Counsel's Failure to Challenge a *Napue* Violation

As noted previously, Mississippi Department of Transportation officers found 158.6 kilograms of a mixture or substance containing cocaine base in the defendant's tractor-trailer truck during a routine check of a commercial vehicles.  One of the Officers, James Luttrell, testified at trial that the defendant appeared to become more nervous as he was being questioned.  Another Officer, Mark Hendrix, testified at trial that the defendant's hands were shaking from nervousness and that he thought he would have to call for Officer Luttrell's assistance when he thought he saw the defendant attempting to move away from the truck and toward the woods.  According to the trial transcript, Officer Luttrell testified that the defendant appeared to be more nervous after he was asked to open up the truck's trailer so that the bill of lading could be verified.  The transcript also reveals that Officer Hendrix decided not to call for back-up apparently because, as the situation developed, he did not deem it necessary to do so.

The defendant now contends that these Officers gave false testimony concerning the defendant's nervousness and movement away from the truck at the time he was detained.  This testimony, says defendant, constituted a *Napue* violation

because the defendant was convicted through the prosecution's use of false evidence. The defendant also contends that his counsel was ineffective because he failed to investigate what the Officers might say in order to determine what their observations of the defendant on the night in question would be. The defendant submits that video recordings of his arrest on the night in question would have contradicted the Officers' account of his demeanor. Finally, the plaintiff says the Officers' testimony was false and the prosecuting Assistant United States Attorney knew the Officers were giving false testimony, implying that the United States Attorney prosecuting this case used false evidence and suborned perjury.

Even if a prosecutor does not solicit false evidence, allowing it to go uncorrected when it appears can be a violation of due process under the United States Supreme Court's decision in *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). A *Napue* violation occurs only if (1), the statements in question are shown to be actually false; (2), the prosecution knows that they were false; and (3), the statements are material. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997), citing *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993). False statements become material when they result in "a corruption of the truth-seeking function of the trial process." *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976).

The United States responds that it gave the defendant's counsel all discovery materials and that defense counsel discussed the discovery with the defendant. According to the United States, no falsehoods or perjury have been used to convict the defendant, and the defendant has nothing to prove such an assertion. The United

States offers that the Officers stated only what they believed they had observed on the evening in question, and that their testimony was subjected to cross-examination. Officer Luttrell gave his opinion about what he observed regarding the defendant's nervousness. Officer Hendrix stated that, because of what he regarded as threatening movements by the defendant as he moved away from the truck, thought he would need Officer Luttrell's assistance. The United States submits that these statements were not falsehoods used in some calculated way to obtain a conviction, but merely the recounting of events by the Officers which were subjected to cross examination.

Even if the Officers' statements could be catagorized as falsehoods, not all falsehoods are material. *United States v. O'Keefe*, 128 F.3d at 894, citing *Mills v. Scully*, 826 F.2d 1192, 1196 (2nd Cir. 1987). The United States Supreme Court has defined materiality in terms of a "reasonable probability" of a different outcome. *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). Such a reasonable probability results when some falsehood or nondisclosure places the case in a light so as to undermine confidence in the verdict. *Id*. at 435. The relevant inquiry examines the challenged evidence collectively, not on an item-by-item basis. *Id*. at 436. "To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed by the record." *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991).

The evidence shows that Officers Luttrell and Hendrix routinely stopped the defendant and his co-driver. When the Officers sought to verify bill of lading indicating

a shipment of mops and brooms, both Officer Luttrell and Officer Hendrix testified that the defendant became more nervous. When the Officers asked to search the defendant's trailer, both in English and in Spanish, the Officers stated that the defendant gave them permission to do so. When the Officers asked the defendant if any drugs were in the trailer, they testified that the defendant first hung his head down, and then replied, "no." The Officers opened the trailer and found a new suitcase and a duffel bag, each containing taped bundles determined to be cocaine by a drug exert who was called to the scene.

The United States notes that defense counsel was given discovery on these matters from which he could plan his cross-examination strategy. Officer Hendrix testified on cross-examination that he noticed the defendant attempting to move away from the truck and circle behind him, a move he considered to be threatening. The cross-examination did not contradict the Officers' testimony that they discovered a new suitcase and a duffle bag in the trailer which each contained a substance determined by the drug expert to be cocaine.

The defendant testified that he did not know the suitcase and duffel bag contained cocaine, that he cooperated with the Officers, made no threatening moves, and that the Officers never spoke to him in Spanish.

In this court's view, the credibility to be given to the defendant's and the Officers' testimony became a matter reserved to the jury. *Dowthitt v. Johnson*, 230 F.3d at 743; *United States v. Haese*, 162 F.3d at 365. Each side had full opportunity to present their accounts of events on the evening in question. The jury chose not to believe the defendant's testimony. This court is not persuaded that the jury was

misled by the testimony of either Officer Luttrell or Officer Hendrix in this case, especially in light of all the evidence the jury had to consider, evidence which shows that the defendant and his co-driver were transporting cocaine at the time they were routinely detained. There is nothing presented to the court to substantiate the claim that the United States knowingly used false testimony to obtain the defendant's conviction. Thus, this court finds no basis for finding a *Napue* violation and no basis for granting habeas corpus relief on this ground.

### C. The *Giglio* Violation

The defendant next contends that the United States failed to disclose the details of the plea agreement entered into with the co-defendant Bustamante-Mares. The defendant assigns no fault to his counsel for this alleged non-disclosure and, instead, contends that a *Giglio* violation by the United States has denied the defendant a fair trial. *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (evidence of an "understanding or agreement as to future prosecution" is relevant to the credibility of a witness who testifies on behalf of the State at trial). According to the defendant, the United States agreed not to deport Bustamante-Mares, a resident alien, in exchange for his testimony. The defendant says he did not know this at his trial and that this information impugns the credibility of Bustamante-Mares' testimony.

The United States responds that the plea agreement of co-defendant Bustamante-Mares was a matter of public record, as Bustamante had entered a change of plea prior to the trial of the defendant, and the Memorandum of

Understanding reflecting that plea agreement was not filed under seal. According to the United States, the Memorandum of Understanding reflects the entire agreement between Bustamante-Mares and the United States. There is no evidence, says the United States, that any deal was made with Bustamante-Mares to protect him from deportation because no such agreement exists. Furthermore, says the United States, Bustamante-Mares was cross-examined on this point.

A *Giglio* violation usually occurs when a cooperating witness denies having a plea agreement and the prosecutor fails to correct the misstatement. *United States v. Mason*, 293 F.3d 826, 828 (5th Cir.2002). A prosecutor violates *Giglio* if he denies the existence of, or misrepresents the terms of, a plea agreement. *United States v. Williams*, 343 F.3d 423, 439 (5th Cir. 2003). Neither the United States nor Bustamante-Mares has denied the existence of a plea agreement, and the defendant cannot be heard to argue that he had no access to the Memorandum of Understanding. The defendant presents nothing to support an assertion that the United States misrepresented the terms of the agreement with Bustamante-Mares. The defendant had access to the agreement so that he could ascertain its terms for himself. This court finds no basis for granting habeas corpus relief on this point.

### D. Prosecutorial Misconduct

The defendant contends that the Assistant United States Attorney's remarks to the jury on closing argument constituted prosecutorial misconduct. The comment to the jury which the defendant finds offensive states essentially that if the defendant were found not guilty and released, he then would bring more drugs to our children.

15

The defendant complains that this comment goes too far in suggesting that he had something to do with the crime of conspiracy to transport cocaine. Further, the defendant claims ineffective assistance of counsel because no objection to this comment was raised.

The United States responds that after reviewing the transcripts of the closing arguments, the defendant's assertion that the specific statements about "release, drugs and children" were made during closing argument is a complete fabrication. Since these comments were not made, says the United States, there is no basis for granting relief on this ground.

Improper jury argument "does not present a claim of constitutional magnitude unless it is so prejudicial that the ... trial was rendered fundamentally unfair." *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986). In order "[t]o establish that a prosecutor's remarks are so inflammatory as to prejudice the substantial rights of a defendant, the [movant] must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id.* "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992).

In the instant case, the remarks which the defendant attributes to the Assistant United States Attorney simply are not in the record, and the defendant's request for habeas corpus relief on this basis is without merit.

**E. Double Jeopardy**

The defendant next submits that his counsel's failure to challenge this court's imposition of supervised release at sentencing requires that the sentence be vacated since it violates double jeopardy. This court agrees with the United States that the imposition of supervised release is a part of the original punishment imposed by the court and is not a second punishment for the same offense.

The Double Jeopardy Clause of the Fifth Amendment[6] to the Constitution of the United States protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *United States v. Ursery*, 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Since the defendant was not subjected to double jeopardy in this case, this ground for relief is wholly without merit.

**EVIDENTIARY HEARING**

A § 2255 petitioner is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Urrego*, 127 F.3d 35 (5th Cir. 1997). When this court can review the record and conclude as a matter of law that a defendant cannot prove an

---

[6]The Fifth Amendment to the Constitution of the United States provides that, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; *nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb*; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation."

element necessary to establish an ineffective assistance of counsel claim, then an evidentiary hearing is not necessary. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996). This court finds no need for an evidentiary hearing in the instant case.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the United States Court of Appeals from a final order in a habeas corpus proceeding "unless a Circuit justice or judge issues a certificate of appealability." Title 28 U.S.C. § 2253(c) (1)(A). Even though the defendant has not yet filed a notice of appeal, this court nonetheless addresses whether he would be entitled to a Certificate of Appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Title 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits*." Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir.2002) (relying upon Slack, 529 U.S. at 483-84).

This court concludes that reasonable jurists could not debate the denial of the defendant's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the defendant is not entitled to a COA as to his claims.

**SO ORDERED** this the 24th day of March, 2010.

                                           **s/ HENRY T. WINGATE**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**

U.S. v. Cardenas § 2255   4:03-cr-29 HTW;  4:06-cv-61 HTW-LRA
Memorandum Opinion and Order Denying Motion to Vacate Under § 2255